CROSS, Judge.
Appellant, a juvenile, seeks reversal of an adjudication of guilt for the offense of escape and a sentence of confinement for three years. We reverse.
On July 24, 1974 appellant was arrested for certain felonies in Palm Beach County. At the time of her arrest, appellant was seventeen years of age. In due course, appellant was transferred from the custody of the West Palm Beach Police to the juvenile facilities known as the A. G. Holley Girls Detention Center in Lantana, Florida. The following day, July 25,1974, after hearing, the juvenile court entered an order of detention requiring appellant to be maintained under the supervision of the Division of Youth Services at the A. G. Holley Center.
Subsequently, appellant in the company of three other juveniles gained access to the main office at the Center, and thereupon proceeded to release the locking mechanism on the main door. The girls then fled the facility. At trial on the offense of escape, counsel for appellant moved for a judgment of acquittal on the grounds that appellant’s conduct did not constitute the crime of escape as charged in the information. This motion was denied. Subsequently, appellant was found guilty as charged by jury. After receiving a pre-sentence report, the court entered an adjudication of guilt to the crime of escape and sentenced appellant to three years confinement. This appeal then followed.
Recently in the case of In Interest of F. G., a child, 349 So.2d 727 (Fla. 4th DCA 1977), this court determined, in view of the express language of Section 416.06, Florida Statutes,[1] that a juvenile escaping from a county detention home could not be found guilty of the crime of escape under Section 944.40, Florida Statutes.[2]
Appellee points out that since the enactment of Chapter 959, Florida Statutes, such detention homes now fall directly under the authority of the Department of Health and Rehabilitative Services rather than under the auspices of the board of commissioners for the respective counties, as envisioned by *1163 Chapter 416, Florida Statutes.[3] Therefore, appellee urges that detention homes now fall within the purview of a state penal institution as that term is set forth in Section 944.40, Florida Statutes.
Appellee is correct in that the Department of Health and Rehabilitative Services now is authorized through its Division of Youth Services to direct the operation of detention services for children in Palm Beach County. See Section 959.022(2)(d), Florida Statutes. However, we are unable to find any evidence to indicate that the legislature intended through the enactment of ch. 959 to bring such detention facilities within the purview of Section 944.40, Florida Statutes. On the contrary, from the tenor of the provisions of ch. 959, it appears that it was the intent of the legislature to maintain the characterization of juvenile detention units as homes, rather than as penal institutions. For example, detention facilities utilized for detention care defined by ch. 959 are divided into two categories, a “secure facility” and a “non-secure facility.” Each is identified as a facility “for the temporary care of children pending adjudication or court disposition.” See Sections 959.001(4), (6), (8) and (9), Florida Statutes. Appellant at the time of her leaving detention was at such a detention facility. We determine that such a juvenile detention facility where juveniles are supervised pending disposition of the matters for which they were taken into custody do not fall within the definition of penal institutions as set forth in Section 944.40, Florida Statutes.
Accordingly, the judgment is reversed with directions to discharge the appellant, Georgia Mae Prince.
Reversed and remanded, with directions.

. Section 416.06, Florida Statutes, provides in relevant part:
“A detention home shall not be deemed to be, nor treated as a penal institution, but a home.”

. Section 944.40, Florida Statutes, provides:
“Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree . . . .”

. Section 959.022(4), Florida Statutes, provides:
“Nothing in this section shall be construed to abridge the powers granted local units of government in chapters 39 and 416 and other applicable provisions of law to operate detention programs, except that on the implementation date, the counties within the region where the state has assumed detention services shall lose the statutory authority to provide such services . . . . On said implementation date the statutory authority to provide operation of detention services in that region shall be transferred to and be vested in the department.”