LILES, WOODIE A., Associate Judge (Retired).
Each of the twenty-seven Appellants are juveniles who escaped from the Jacksonville Youth Development Center (JYDC) and were subsequently charged with escape from a “training school”, a third-degree felony pursuant to Section 39.112, Florida Statutes (1979):
ESCAPES FROM A JUVENILE FACILITY. -An escape from any training school or secure detention facility maintained for the treatment, rehabilitation, or detention of children who are alleged to be found to have committed delinquent acts or violations of law constitutes escape within the intent and meaning of s. 944.-40 and is a felony in the third degree. [Emphasis supplied]
Based on all the evidence presented during the hearings, the several trial judges *660 found that the JYDC is a training school within the scope of the above-referenced statute, denied motions to dismiss asserting otherwise, and accepted pleas of nolo con-tendere reserving rights to appeal.
The Appellants argue that, because the JYDC was not expressly designated as a training school in the Department of Health and Rehabilitative Services’ (HRS) Rule Chapter 10H-1.03(7), Florida Administrative Code, it could not be a training school within the meaning of the statute. We disagree. The administrative rule does not affect construction of the penal statute; rather, the Legislature is the sole repository of legislative power. Art. Ill, § 1, Fla. Const. The several trial judges found that, because the JYDC had all the attributes of other institutions in Florida specifically designated as training schools by HRS, it is a training school within the meaning of the statute. These findings were based on competent evidence and comport with a reasonable construction of the statute. Appellants have also directed our attention to Chapter 80-290, Section 1, Laws of Florida. By that enactment, the Legislature amended Section 39.01 by adding subsection (36) defining “training school” as specifically named institutions not including the JYDC. This statutory provision became effective on July 1, 1980, and was certainly no help to the trial judges in these cases as they construed Section 39.112. There is no intention expressed in the new statute that it is to apply retroactively, and we decline to give such effect to it in these cases. See, Art. X, § 9, Fla. Const.
Two young Appellants[1] also argue that Section 39.112 is unconstitutional under Article III, Section 6, Florida Constitution, inasmuch as it purports to amend Section 944.40 by reference to its title only. That statutory provision states:
ESCAPES; PENALTY.-Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony in the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutively to any former sentence imposed upon any prisoner.
Section 39.112 provides, in relevant part, that escape from the described institutions is “escape within the intent and meaning of s. 944.40 . .” Section 944.40, however, sheds no light on the meaning of “escape”, nor does it otherwise illuminate the provisions of Section 39.112. Thus, the phrase “within the intent and meaning of s. 944.40 . ” is, in effect, mere surplus-age. Section 39.112 simply enlarges the class of individuals to whom the crime of escape is applicable. It “is complete and intelligible in itself without reference to the act it purports to amend . . and, as such, does not violate the provisions of Article III, Section 6, Florida Constitution. Lipe v. City of Miami, 141 So.2d 738, 743 (Fla.1962).
Ten of the Appellants[2] similarly contended before the respective trial judges that Section 39.112 was unconstitutional under Article III, Section 6, of the Florida Constitution. These appeals were filed prior to April 1, 1980, the effective date of amended Article V, Section 3(b)(1), Florida Constitution (1980). We therefore deem ourselves without jurisdiction to entertain these appeals[3] and, pursuant to Florida Rule of Appellate Procedure 9.040(b), transfer these causes to the Florida Supreme Court.
Otherwise, the judgments appealed from are AFFIRMED.
LARRY G. SMITH and SHAW, JJ., concur.

. R.B., Case No. VV-428; C.A.H., Case No. WW-128.

. G.E.J. v. State, Case No. TT-481; J.B. v. State, Case No. UU-5; D.J. v. State, Case No. UU-3; M.M. v. State, Case No. UU-222; G.J. v. State, Case No. UU-223; I.A.D. v. State, Case No. UU-285; W.D. v. State, Case No. UU-286; T.E.C. v. State, Case No. UU-328; W.P.W. v. State, Case No. UU-475; J.R.H. v. State, Case No. UU-476.

.See former Florida Rule of Appellate Procedure 9.030(a)(l)(A)(ii) (1977).