ADKINS, Justice.
This cause is before us on direct appeal from an order of the Twelfth Judicial Circuit Court in and for Manatee County, directly passing on the constitutionality of section 39.112, Florida Statutes (Supp.1978). We have jurisdiction. Art. V, § 3(b)(1), Fla.Const.
On January 16, 1979, the juvenile court ordered that J.R.M., a 16 — year-old boy, be detained pending hearing on charges of resisting arrest with violence. Subsequently, the state filed amended petitions for delinquency alleging that J.R.M. had escaped twice from detention in violation of section 39.112, Florida Statutes (Supp.1978). The trial court entered an order dismissing the petitions on the ground that the statute was enacted in violation of article III, section 6 of the Florida Constitution. We reverse.
Chapter 78-414, section 17, Laws of Florida, created section 39.112, Florida Statutes (Supp.1978), as follows:
Escapes from a juvenile facility-An escape from any training school, or secure detention facility maintained for the treatment, rehabilitation, or detention of children who are alleged or found to have committed delinquent acts or violation of law constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.
Section 944.40, Florida Statutes (1977), provides:
Escapes; penalty-Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
The trial court accepted the defense contention that chapter 78-414, section 17, Laws of Florida, attempted to amend section 994.40, Florida Statutes (1977), in violation of article III, section 6, of the Florida Constitution, which provides inter alia:
No law shall be revised or amended by reference to its title only. Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection.
Our initial inquiry is whether chapter 78-414, section 17, amends section 944.40 or whether it merely refers to and incorporates section 944.40. If chapter 78-414, section 17, is a reference statute or if it only impliedly amends section 944.40, then the constitutional provision quoted above is *1229 inapplicable. Auto-Owners Insurance Co. v. Hillsborough County Aviation Authority, 153 So.2d 722 (Fla.1963); State ex rel. Turner v. Hocker, 36 Fla. 358, 18 So. 767 (1895). Reference statutes are those:
which refer to and by the reference wholly or partially adopt pre-existing statutes.
In the construction of such statutes the statute referred to is treated and considered as if it were incorporated into and formed part of that which makes the reference ... The two statutes exist as separate, distinct, legislative enactments, each having its appointed sphere of action, and the alteration, change, or repeal of the one does not operate upon or affect the other.
Van Pelt v. Hilliard, 75 Fla. 792, 808-09, 78 So. 693, 698 (1918) (citations omitted). The statute under consideration in Van Pelt provided that no club or other association could serve or sell liquor unless done “in compliance with the provisions of an Act of the Legislature of Florida, approved May 5, 1915, and entitled ‘An Act to regulate the sale or furnishing of intoxicating liquors, wines or beer,’ etc.” Id. at 808, 78 So. at 698. The Court held this statute did not violate the constitutional prohibition against amendment by reference to title only. Similarly, chapter 78-414, section 17, may be read as prohibiting from juvenile facilities escapes such as those regulated in section 944.40, Florida Statutes (1977).
The defense argues that this is more than a reference statute because the effect of chapter 78-414, section 17 is to broaden the scope of section 944.40 to include persons detained at juvenile facilities. Prior to the enactment of chapter 78-414, § 17, escape from a juvenile detention facility did not constitute a violation of section 944.40. Prince v. State, 360 So.2d 1161 (Fla. 4th DCA 1978); In the Interest of F.G., 349 So.2d 727 (Fla. 4th DCA 1977). Arguably, therefore, the legislature was trying to amend section 944.40 to include juvenile detention center escapes when it enacted chapter 78 — 414, section 17. However, the new provision was not expressly designated as an amendment to the general escape statute. On the contrary, the new provision was placed squarely within the statutory provisions relating to juveniles, i. e., chapter 39, Florida Statutes (1977). It is well established that amendment by implication is not favored and will not be upheld in doubtful cases. Miami Water Works Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194 (1946). Amendment by implication occurs when it appears the latter statute was intended as a revision of the subject matter of the former or when there is an irreconcilable repugnancy between the two, so that there is no way the former rule can operate without conflicting with the latter. Id.; see North American Mortgage Investors v. Cape San Blas, 378 So.2d 287 (Fla.1979); Indian River Shores v. Richey, 348 So.2d 1 (Fla.1977) (repeal by implication). Since it is clear that chapter 78-414, section 17, was not an attempt to revise the subject matter of the general escape statute, the only potential ground for finding an implied amendment is that of irreconcilable conflict between the two statutes. We find no such conflict or repugnancy. Rather, the statutes complement each other and may be read in pari materia.
Since we find that chapter 78-414, section 17, neither expressly nor impliedly amends section 944.40, the provisions of article III, section 6, are simply inapplicable. It is therefore unnecessary to discuss the tests used to determine whether an amend-atory enactment meets the constitutional standard. See Jackson v. Consolidated Government of City of Jacksonville, 225 So.2d 497 (Fla.1969); Lipe v. City of Miami, 141 So.2d 738 (Fla.1962).
The order of the trial court dismissing the petition is reversed and the cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.