HERSEY, Judge.
The state appeals from an order of the trial court which granted a motion to dismiss charges against appellees. This ruling was based upon an interpretation of a statute.
Appellees were charged with being accessories after the fact to the escape of a juvenile. The record discloses that the escape occurred while the juvenile was in transit between a doctor’s office and a juvenile detention center.
The trial court determined that such an escape (by a juvenile while in transit) was not a crime because it was not encompassed by the language of the escape statute; thus appellees could not be accessories to a nonexistent crime.
This Court, in the case of In the Interest of F. G., 349 So.2d 727 (Fla. 4th DCA 1977) pointed out that Section 416.06 of the Florida Statutes provides that “a detention home shall not be deemed to be, nor treated as a penal institution, but a home.” As a result a child could not commit the crime of escape embodied in Section 944.40, Florida Statutes (1979):
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 755.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
Again in Prince v. State, 360 So.2d 1161 (Fla. 4th DCA 1977) we held that simply transferring authorization to direct the operation of detention services for children to the Division of Youth Services of the Department of Health and Rehabilitative Services did not constitute evidence of legislative intent to include juvenile detention facilities “within the definition of penal institutions as set forth in Section 944.40, Florida Statutes.” Ibid, at 1163.
Subsequently the legislature adopted Chapter 78-414 containing a section specifically directed to this problem. Section 17 of that chapter added Section 39.112 to the Florida Statutes. That section now provides:
An escape from any training school or secure detention facility maintained for the treatment, rehabilitation, or detention of children, who are alleged or found to have committed delinquent acts or violations of law constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.
Our Supreme Court recently had occasion to consider the relationship between Section 39.112 and Section 944.40. In State v. J. R. M., 388 So.2d 1227, 1980, the court by necessary implication determined that the former statute incorporated the latter by reference rather than constituting an unconstitutional attempt to amend.
*1184 No violence is done to the rule of strict construction of criminal statutes by recognizing that the legislature in enacting Section 39.112 intended to adopt by specific reference all of the ramifications of Section 944.40, including flight while in transit.
We therefore reverse and remand for such further proceedings as may be appropriate in view of our opinion.
REVERSED AND REMANDED.
DOWNEY, J., concurs.
GLICKSTEIN, J., dissents with opinion.