SCHWARTZ, Judge.
After a detention hearing, the trial judge ordered the juvenile placed in secure detention pending trial solely upon an exercise of what were said to be the court’s “discretionary powers.” By separate order, we have granted the child’s petition for habeas corpus and ordered him released forthwith in the custody of his parents, because no such discretionary authority exists under Section 39.032(2), Florida Statutes (1980 Supp.).[1] According to the express prohibitory language of the statute, see Neal v. Bryant, 149 So.2d 529, 532 (Fla. 1962), a juvenile simply “shall not be ... detained” in the absence of the statutory criteria, none of which, it is conceded, exists here.
Contrary to the state’s contention, the introductory phrase of the subsection, “[ujnless otherwise ordered by the court,” is not an escape clause which confers broad detention authority for any reason deemed *1032 appropriate by the court. Such an interpretation would have the unacceptable effect of completely nullifying the explicit language which follows. 30 Fla.Jur. Statutes §§ 134-136 (1974). Instead, the expression obviously must be read as referring only to an order entered before the detention hearing; it allows a court, but not an intake officer, to place the child in secure detention for that brief period, even if the Section 39.032(2) prerequisites are not met. However, the court’s order of detention after forty-eight hours, as in this case, must and may be based only on the Section 39.-032(2) standards. See Section 39.032(6), Florida Statutes (1980 Supp.).
Habeas corpus granted.

. “(2) Unless otherwise ordered by the court, a child taken into custody shall not be placed or detained in a secure facility prior to the disposition by the court unless:
(a) The child is from another jurisdiction and is an escapee from a commitment program or an absconder from probation, a community control program, or parole supervision for an offense which, if committed by an adult, would be a violation of law, or the child is wanted by another jurisdiction for an offense which, if committed by an adult, would be a violation of law;
(b) The child requests protection in circumstances that appear to present an immediate threat to his personal safety;
(c) The child is charged with a capital felony, life felony, or felony of the first degree; with a crime of violence, that is, murder in the third degree, manslaughter, sexual battery, robbery, aggravated battery, or aggravated assault; or with two or more serious property crimes arising out of separate transactions;
(d)The child is charged with a serious property crime; that is, burglary as defined in s. 810.02(2) and (3) or arson; or with the sale or manufacture of, or the trafficking in, a controlled substance; which is committed by an adult would be a felony; and
1. He is already detained or has been released and is awaiting final disposition of his case;
2. He has a record of failure to appear at court hearings;
3. He has a record of violent conduct resulting in physical injury to others; or
4. He has a record of adjudications for serious property offenses.” [e. s.j