OVERTON, Justice.
Twenty-seven juvenile appellants appealed their respective convictions for escape under section 39.112, Florida Statutes (1979), to the First District Court of Appeal. The district court, in its opinion reported as R. P. v. State, 389 So.2d 658 (Fla. 1st DCA 1980), consolidated the appeals and held: (1) as to all twenty-seven appellants, that the Jacksonville Youth Development Center was a “training center” from which escape by a juvenile was prohibited under section 39.112, and (2) as to seventeen of the appellants, that section 39.112 was not violative of article III, section 6, Florida Constitution. With respect to the second issue, because the trial courts' in the remaining ten cases passed upon the constitutional validity of section 39.112 prior to April 1, 1980, the district court found appellate jurisdiction for those causes was properly in this Court under article V, section (3)(b)(l), Florida Constitution (1972), and transferred these causes to this Court pursuant to Florida Rule of Appellate Procedure 9.040(b). These are the cases we now have before us for review.
Subsequent to the instant district court decision, this Court rendered its decision in State v. J. R. M., 388 So.2d 1227 (Fla.1980), which upheld section 39.112 from the identical constitutional attack as asserted in the instant case. We reaffirm that decision and affirm the instant trial court decisions.
As to the training center question, we are in full agreement with the district court’s holding that the Jacksonville Youth Development Center was a training center from which a juvenile could escape within the meaning of section 39.112. To hold otherwise would allow a state agency rule to improperly restrict a Florida statute. While administrative rules and usage may be considered in construing a statute, they are not conclusive or determinative.
We are aware that the 1980 legislature amended section 39.01, Florida Statutes, to include a definition of “training school” and that the Jacksonville center was not among those schools expressly named. See ch. 80-290, § 1, Laws of Fla. The district court held, and we agree, that the 1980 amendment does not apply retroactively.
The decisions below are affirmed in all respects.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.