Mr. Donald R. Hall City Attorney City of Fort Lauderdale Post Office Drawer 14250 Fort Lauderdale, Florida 33302
Dear Mr. Hall:
This is in response to your request for an opinion on substantially the following questions:
 1. IS A MUNICIPALITY EMPOWERED TO PLACE OR HOLD ITS FUNDS IN DEPOSIT ACCOUNTS IN THE FORM OF CERTIFICATES OF DEPOSIT IN OUT-OF-STATE BANKS AND SAVINGS AND LOAN ASSOCIATIONS?
 2. IS A MUNICIPALITY EMPOWERED TO INVEST ITS SURPLUS FUNDS IN COMMERCIAL PAPER AND BANKERS ACCEPTANCES?
 QUESTION ONE
The provisions of s 166.261(1)(c), F.S., were added to s 166.261 by s 4 of Ch. 79-262, Laws of Florida. See also, s 2 of Ch. 79-119, Laws of Florida, for similar provisions. Subsection (1)(c) of s 166.261 authorizes municipalities to invest their surplus public funds in:
 Interest-bearing time deposits or savings accounts in banks organized under the laws of this state, in national banks organized under the laws of the United States and doing business and situated in this state, in savings and loan associations which are under state supervision, or in federal savings and loan associations located in this state and organized under federal law and federal supervision, provided that any such deposits are secured by collateral as may be prescribed by law[.] (e.s.)
Section 166.261(1)(c) does not authorize the `investment' of the surplus funds of a municipality in out-of-state banks or savings and loan associations. Section 166.261(6), F.S., provides that the provisions of s 166.261 are supplemental to any and all other laws
relating to the legal investments of municipalities.
The 1981 Legislature enacted Ch. 81-285, Laws of Florida, creating the Florida Security for Public Deposits Act, codified as Ch. 280, F.S. That act related `to deposits of public funds,' see, Title of Ch. 81-285, supra, and defined `public deposit' to mean, interalia, `[t]he moneys . . . of any . . . municipality, including agencies, boards, bureaus, commissions, and institutions [thereof] . . . that are placed on deposit in a bank or savings association.' Section 280.02(1), F.S., as amended by s 7, Ch. 83-122, Laws of Florida. A `default or insolvency' is defined to include the failure or refusal `to return any deposit on demand or at maturity together with interest as agreed.' Section 208.02(4), F.S. A `qualified public depository' is defined by s 280.02(3), F.S., to mean:
 `Qualified public depository' means any bank or savings association organized and existing under the laws of this state and any bank or savings association organized under the laws of the United States and having its principal place of business in this state, that meets all of the requirements of this chapter and that has been designated by the Treasurer as a qualified public depository.
Section 280.03, F.S. as amended by s 8 of Ch. 83-122, Laws of Florida, provides that all public deposits shall be secured as provided in Ch. 280 and that except as otherwise provided by law, no public deposit shall be made except in a qualified public depository. When public deposits are made in accordance with Ch. 280, the public depositor is exonerated from liability for any loss thereof resulting from the default or insolvency of any qualified public depository in the absence of any negligence, malfeasance, misfeasance or nonfeasance on the part of the public depositor or his agents or employees. Section 280.18, F.S. Compare, AGO 78-126; and see, s 11 of Ch. 83-122 (s 280.09, F.S. 1983) creating the Public Deposit Security Trust Fund, for the purpose of paying from such fund any losses to public depositors.
A certificate of deposit is simply written acknowledgement of a bank or a savings and loan association that it has received from a named person a specified sum of money as a deposit. The Random House Dictionary of the English Language 242 (Unabridged ed. 1967); Black's Law Dictionary 286 (Rev. ed. 1968); 14 C.J.S. Certificate pp. 111, 112; 9 C.J.S. Banks and Banking s 311; 12 C.J.S. Building and Loan Assoc. ss 74, 75.
The Florida Security for Public Deposits Act, Ch. 280, F.S., as amended, clearly applies to and operates on deposit accounts in the form of or represented by certificates of deposit, and therefore controls your first question. Although I find no substantial conflict between Ch. 280, as amended, and s 166.261(1)(c) on your exact question, since neither statute permits such deposit accounts with out-of-state banks or savings associations, to the extent of any irreconcilable conflict between the statutes, Ch. 280, as amended, is the last expression of legislative will and prevails over and impliedly repeals or modifies s 166.261(1)(c). State v. J.R.M., 388 So.2d 1227 (Fla. 1980); Town of Indian River Shores v. Richey, 348 So.2d 1 (Fla. 1977).
Section 280.03, F.S., as amended by s 8 of Ch. 83-122, Laws of Florida, operates to specifically prohibit the deposit or holding of municipal moneys in deposit accounts of a nonqualified public depository, i.e., in a depository other than a qualified public depository as defined in s 280.02(3), F.S., except as may be otherwise provided by law and except for those public deposits described in s 8 of Ch. 83-122 (s 280.03[2] and [3], F.S. 1983) which are or may be exempted from the requirements of Ch. 280, as amended. Cf., AGO 82-61 (concluding that public moneys of a municipality must be deposited in a qualified public depository designated by the State Treasurer as provided by Ch. 280, F.S.).
An out-of-state bank or savings association, unless exempted from the requirements of Ch. 280, as amended by Ch. 83-122 or other general law, is not a qualified depository for any municipal funds or moneys and such funds or moneys are prohibited from being placed on deposit or held in any such nonqualified depository. This statutory direction or prohibition is, or is tantamount to, an express prohibition within the purview and for the purposes of s 166.021(1) and (4), F.S., and a limitation on the authority of municipalities to place or hold municipal funds or moneys in deposit accounts in the form of certifications of deposit in nonqualified depositories within the ratio decidendi of State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978). If deemed not to be such a limitation, then the deposit of municipal moneys in deposit accounts in the form of certificates of deposit in nonqualified depository banks or savings associations would conflict with Ch. 280, F.S., as amended, and any ordinance authorizing such deposits or providing therefor must fail or yield to Ch. 280, as amended, under the doctrine enunciated in City of Miami Beach v. Rocio Corp, 404 So.2d 1066 (3 D.C.A. Fla., 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981). (One impediment to constitutionally derived legislative powers of municipalities occurs when the municipality enacts ordinances which conflict with state law; municipal ordinances are inferior to state law and must fail when conflict arises; concurrent municipal legislation in areas not preempted by the state may not conflict with state law.) I therefore must conclude that unless otherwise provided by law, a municipality is not empowered to place or hold any municipal moneys in deposit accounts in the form of certificates of deposit in out-of-state banks and savings associations, or to make deposits in any depository, firm, association or corporation other than a qualified public depository as defined and provided for in Ch. 280, F.S., as amended.
QUESTION TWO
Subsection (1) of s 166.261, F.S., in relevant part provides: `Except when another procedure is prescribed by law or by ordinance as to particular funds, the governing body of each municipality shall, by resolutions to be adopted from time to time, invest and reinvest any surplus public funds . . . in [the Local Government Surplus Funds Trust Fund or in certain designated obligations or securities].' The first phrase of s 166.261(1), F.S., has raised doubt as to the legislative intent and the meaning of s 166.261, F.S., as enacted. Your inquiry suggests that in light of the language of the first phrase, `[e]xcept when another procedure is prescribed by law or by ordinance as toparticular funds,' (e.s.) and because s 166.261 does not expressly prohibit investments in commercial paper and bankers acceptances within the meaning of s 166.021(4), other investments are allowable in other obligations and securities than those enumerated in s 166.261 if authorized by a duly enacted ordinance under the municipality's home rule powers. The intent of a statute ascertained from the language thereof is the law. See, e.g., State v. Knight, 124 So. 461 (Fla. 1929); Pillans Smith Co. v. Lowe,157 So. 649 (Fla. 1934). This intent must be given effect even though it may contradict the strict letter of the statute. See,e.g., State v. Sullivan, 116 So. 255 (Fla. 1928); American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); State v. Webb, 398 So.2d 820 (Fla. 1981). To determine legislative intent, the act as a whole, including its title, must be considered and given due effect. See, e.g., Foley v. State, 50 So.2d 179 (Fla. 1951); Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1 D.C.A. Fla., 1976); State v. Webb, supra; Parker v. State,406 So.2d 1089 (Fla. 1982).
Section 166.261, F.S., was created by Ch. 77-394, Laws of Florida, which was `[an act] relating to public funds.' The title of the act in pertinent part states that s 166.261 was created for the purpose of `requiring . . . the governing bodies of municipalities . . . to invest surplus public funds in obligations of or obligations guaranteed by, the United States Government, or in the Local Government Surplus Funds Trust Fund' (e.s.) created by Ch. 77-394. Consistent with that expressed legislative intent and purpose, s 166.261, F.S., as created by s 4 of Ch. 77-394 provided:
 Except when another procedure is prescribed by law or by ordinance as to particular funds, the governing body of each municipality shall, by resolution to be adopted from time to time, invest and reinvest any surplus public funds in its control or possession in the Local Government Surplus Funds Trust Fund as created by this act, or in negotiable direct obligations of, or obligations the principal and interest of which are unconditionally guaranteed by, the United States Government at the then prevailing market price for such security.
The provisions of present s 166.261(1)(a)(b), F.S., are substantially identical. Subsequently, Ch. 79-119 and Ch. 79-262, Laws of Florida, amended s 166.261 to add the investments now described in s 166.261(1)(c) and (d), F.S., to subsection (1) of s 166.261 as authorized alternative investments to investments in the Local Government Surplus Funds Trust Fund created by Ch. 77-394, now codified as s 218.405, F.S. As enacted by Ch. 77-394, s 166.261(6), F.S., operates to preserve to municipalities the authority to make investments as prescribed by other laws relating to the legal investments of municipalities, such as ss 175.071, and 185.06 (the provisions of ss 175.071[1][b]1. and 185.06[2][a], F.S., would be subject to the conditions and limitations provided in Ch. 280, F.S.), 340.21, 518.15, 518.151, 518.152, F.S. Seealso, s 518.16, F.S., which, much the same as s 166.261(6), provides that Ch. 518, F.S., is cumulative to any other law providing for investments and security for public deposits. It thus appears that the essence of the legislative intent and will in the enactment of s 166.261(1) was to require the governing bodies of municipalities to invest their surplus public funds either in the enumerated deposit accounts, obligations and securities or in the Local Government Surplus Funds Trust Fund, but, pursuant to s 166.261(6), to authorize the municipalities to make investments as may be provided for in any other law relating to the legal investments of municipalities.
Moreover, the legislative intent must be primarily determined from the language of the statute itself and not from conjecturealiunde, Maryland Casualty Co. v. Sutherland, 169 So. 679 (Fla. 1936), and unless words in a statute are used in a technical sense, they are to be construed in their natural, plain and ordinary signification. See, State v. Tunnicliffe, 124 So. 279
(Fla. 1929); Gasson v. Gay, 49 So.2d 525 (Fla. 1950); Tatzel v. State, 356 So.2d 787 (Fla. 1978); see also, Southern Bell Telephone Telegraph Co. v. D'Alemberte, 21 So. 570 (Fla. 1897); Thayer v. State, 335 So.2d 815 (Fla. 1976). The key word employed in the first phrase of s 166.261(1), F.S., is `procedure,' which is qualified by the phrase `as to particular funds.' See, 82 C.J.S. Statutes s 334; Mallard v. Tele-Trip Co., 398 So.2d 969 (1 D.C.A. Fla., 1981) (under the `doctrine of the last antecedent,' relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding). The word `procedure' is defined to mean: act or manner of proceeding in any action or process, conduct, a particular course or mode of action, a mode of conducting legal, parliamentary, or other business, esp. litigation and judicial proceedings, The Random House Dictionary of the English Language 1146 (Unabridged ed. 1967); a course or mode of action, the act or manner of proceeding or acting, 72 C.J.S. Procedure p. 971. Cf., Black's Law Dictionary, Procedure
1367-1368 (Rev. 4th ed. 1968), stating, inter alia, that `procedure' is the machinery, as distinguished from its product. It seems clear that `procedure' as used in s 166.261, i.e., the manner of or machinery for investing `particular funds,' is not the same thing as the substantive authority to invest or substantive limitations on the investment power or the investment products themselves as prescribed and described in s 166.261, F.S. The clear import of the title to Ch. 77-394, supra, which created s 166.261, and the body or enacting provisions thereof, is to direct the governing bodies of municipalities to invest and reinvest their surplus public funds either in the Local Government Surplus Funds Trust Fund or in the designated obligations and securities (and those additional deposit accounts and securities authorized by Chs. 79-119 and 79-262), or as otherwise provided by other laws relating to legal investments of municipalities. To construe the first phrase of s 166.261(1) to mean and so as to effectuate what your inquiry suggests, i.e., that the city may invest its surplus funds in any investment product it chooses or in any form or kind of investment other than those enumerated in s 166.261, as amended, if authorized by ordinance, would vest in the governing body of a municipality the power to simply ignore, if not nullify, the Legislature's direction to invest its surplus funds as prescribed by s 166.261 (or other laws relating to the legal investments of municipalities) and frustrate the Legislature's expressed purpose to supplement `any and all other laws relating to the legal investments of municipalities.' (e.s.) Rather, the Legislature would simply have supplemented an existing power already possessed by the municipality. Section 166.261(1) is not cast in enabling or permissive terms; the statute uses the term `shall . . . invest,' which, according to its normal usage, has a mandatory connotation. See, Neal v. Bryant, 149 So.2d 529 (Fla. 1962); cf., Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1 D.C.A. Fla., 1963). The only option given or discretion vested in the municipality is to invest its surplus funds in the Local Government Surplus Funds Trust Fund or in the deposit accounts, obligations and securities enumerated in s 166.261(1), or investments authorized in any other law relating to the legal investments of municipalities. If the Legislature intended to accomplish what your inquiry suggests, I cannot perceive any logic, reason or necessity for the legislative labor in enacting Ch. 77-394, supra, or the 1979 amendments thereof, and making such laws a constituent part of the Municipal Home Rule Powers Act, Ch. 166, F.S., and I have not discovered any evident intent of the Legislature to effect any such purpose as your inquiry suggests; rather the legislative intent evinced in the title and the enacting provisions of s 166.261, as enacted by Ch. 77-394, belies any such proposition or purpose.
While s 166.261(1), F.S., does not in specific terms `expressly prohibit' these particular investments or `expressly preempt to the state' the legal investments of municipalities or their investments in commercial paper and bankers acceptances, the provisions of s 166.261(1) would seem to constitute a direct legislative direction and requirement, and is a limitation on the authority of municipalities to legally invest their surplus public funds in any deposit accounts, obligations and securities other than those listed in s 166.261(1), F.S. Therefore, any investments in any such unauthorized securities and any ordinance or resolution or other form of legislative action providing therefor would directly conflict with s 166.261(1) and must fail or yield to the statute under the doctrine of City of Miami Beach v. Rocio Corp., supra at 1069, which holds, inter alia, that `[o]ne impediment to constitutionally derived legislative powers of municipalities occurs when the municipality enacts ordinances which conflict with state law' and that `[m]unicipal ordinances are inferior to state law and must fail when conflict arises.' This rule would appear to apply and extend to the exercise of legislative power by resolution or any other form of legislative action by municipalities which conflicts with state law, such as s 166.261(1), F.S. Cf., State v. City of Sunrise, supra, at 1209, stating that `Legislative statutes are relevant [to municipalities constitutional home rule powers] only to determine limitations of authority.'
Based on the foregoing considerations and authorities and unless and until legislatively or judicially determined otherwise, I therefore must conclude that unless otherwise provided by law relating to and providing for the legal investments of municipalities, the governing body of a municipality is not empowered to invest or reinvest its surplus public funds in commercial paper and bankers acceptances, or in any other deposit accounts, obligations or securities other than those enumerated in s 166.261(1), F.S.
In summary, unless and until legislatively or judicially determined otherwise, I am of the opinion that:
 (1) a municipality is not empowered to place or hold any
municipal moneys in deposit accounts in the form of certificates of deposit in out-of-state banks and savings associations, or to make deposits in any depository, firm, association or corporation other than a qualified public depository as defined and provided for in Ch. 280, F.S., as amended;
 (2) unless provided by law relating to and providing for the legal investments of municipalities, the governing body of a municipality is not empowered to invest or reinvest its surplus public funds in commercial paper and bankers acceptances, or in any other deposit accounts, obligations or securities other than those enumerated in s 166.261(1), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General