PER CURIAM.
Appellant pled nolo contendere to the charge of grand theft and was sentenced to seven years in prison. The reason given for the departure from the sentencing guidelines was the determination that appellant was a habitual offender. The supreme court recently held that the habitual offender statute cannot be used as a basis for guidelines departure. Whitehead v. State, 498 So.2d 863 (Fla.1986). Therefore, the appellant’s sentence cannot stand.
Since appellant had been determined to be indigent, appellant’s sentence also included a requirement to perform community service in lieu of $200 costs required by section 27.3455, Florida Statutes (1985). Appellant attacks the constitutionality of the statute on two grounds.
His argument that section 27.3455 violates the equal protection clause of the United States Constitution has been rejected in Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986), and need not be further discussed.
Appellant also contends that the passage of section 27.3455 violated article III, section 6 of the Florida Constitution by amending section 939.05, Florida Statutes (1983), and section 944.275, Florida Statutes (1983), without setting out in full the *721 amended acts. Because section 27.3455 did not purport to amend these statutes and is not in irreconcilable conflict with either of them, there was no such constitutional violation. State v. J.R.M., 388 So.2d 1227 (Fla.1980); Auto Owners Insurance Co. v. Hillsborough County Aviation Authority, 153 So.2d 722 (Fla.1963); City of St. Petersburg v. English, 54 Fla. 585, 45 So. 483 (1907).
We affirm appellant’s conviction. We vacate his sentence and remand for resen-tencing.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.