PER CURIAM.
The appellant, James Lewis Sherman, challenges the judgment and sentence entered by the trial court after this court, in a previous decision, reversed the appellant’s sentence and remanded for resentencing. In Sherman v. State, 500 So.2d 720 (Fla. 2d DCA 1987), we reversed the trial court’s departure from the sentencing guidelines because the only reason given for departure was invalid. On remand, the trial court enunciated a new reason for departure and imposed the same sentence. We agree with the appellant’s contention that the trial court’s actions were not permitted and, accordingly, reverse the departure sentence imposed and remand for resen-tencing within the guidelines range. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Since the appellant’s guidelines score-sheet does not recommend a sentence in excess of the statutory maximum, we decline to address his contention that the trial court erred in finding him a habitual offender. We find no merit in the other issues raised and, therefore, affirm in all other respects.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
RYDER, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.