636 So.2d 559 (1994)
STATE of Florida, Appellant,
v.
John O. VARELA and Jason Albury, Appellees.
No. 93-2795.
District Court of Appeal of Florida, Fifth District.
May 6, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellee.
*560 PETERSON, Judge.
The question raised in this appeal by the state of Florida is whether a juvenile violates section 39.061, Florida Statutes (Supp. 1992)[1] by attempting to escape rather than by completing the escape. The trial court granted the juveniles' motion to dismiss, answering the question in the negative.
Varela and Albury were confined at the Orlando Juvenile Detention facility. While they were in the recreation yard, they ran to the east fence, climbed the fence to the roof of the detention center, and were apprehended there although they appeared to avoid apprehension while they were searching for a place to jump.
The trial court agreed with the juveniles that section 39.061, Florida Statutes, is only applicable to those who complete an escape rather than to those who are apprehended before an escape is successful. The statute provides:
39.061 Escapes from secure detention or residential commitment facility.  An escape from any secure detention facility maintained for the temporary care of children, pending adjudication, disposition, or placement or an escape from any moderate or high risk residential commitment facility defined in s. 39.01(61)(c) and (d), maintained for the custody, treatment, or rehabilitation of children found to have committed delinquent acts or violations of law constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.
The state argues that by enactment of section 39.061, the legislature intended to adopt by specific reference all of the "ramifications" of section 944.40, Florida Statutes, including the attempt to escape. The latter section provides:
944.40 Escapes; penalty.  Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 774.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
The state's argument is supported by the supreme court's interpretation of section 39.112, Florida Statutes (Supp. 1978), a predecessor to section 39.061 which contained provisions with differences insignificant to the issue on appeal. In State v. J.R.M., 388 So.2d 1227 (Fla. 1980), the court explained that the then-existing section 39.112 was a "reference statute" which referred to section 944.40:
which refer to and by the reference wholly or partially adopt pre-existing statutes.
In the construction of such statutes the statute referred to is treated and considered as if it were incorporated into the formed part of that which makes the reference... .
Id. at 1229, quoting Van Pelt v. Hilliard, 75 Fla. 792, 808-809, 78 So. 693, 698 (1918). The court further stated that the two statutes complement each other and should be read in pari materia. Id. The juveniles in the instant case have not advanced any reason why section 39.061 is not also a reference statute incorporating the provisions relating to an attempt to escape.
The order granting the juveniles' motion to dismiss is vacated and the cause is remanded to the trial court for further proceedings.
ORDER VACATED; REMANDED.
HARRIS, C.J., and DIAMANTIS, J., concur.
NOTES
[1] This appeal does not raise the constitutionality of this statute. This court found the statute to be constitutional in B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993), rev. granted, 632 So.2d 1025 (Fla. 1994), but our decision is currently under consideration by the supreme court.