The Honorable O. L. Raulerson, Jr. Sheriff, Okeechobee County Post Office Drawer 1397 Okeechobee, Florida 34973
Dear Sheriff Raulerson:
You ask substantially the following questions:
1. Does section 39.061, Florida Statutes (1994 Supp.), the juvenile escape provision, allow the State of Florida to prosecute juveniles committed by a court of another state which retains legal custody of these juveniles when these juveniles abscond from a juvenile facility that is located in Florida but is operated by the other state?
2. If not, under what authority can a sheriff detain such juveniles?
3. May these juvenile be detained in a Florida juvenile detention center?
In sum:
1. The State of Florida cannot prosecute such juveniles for escape under section 39.061, Florida Statutes (1994 Supp.), because these juveniles are not in the legal custody of the State of Florida.
2. Section 39.511, Florida Statutes, the Interstate Compact on Juveniles, provides statutory authority to detain these juveniles.
3. These juveniles may be detained in a Florida juvenile detention center under the Interstate Compact on Juveniles.
Question One
The juvenile escape statute, section 39.061, Florida Statutes (1994 Supp.), provides in part:
[A]n escape from any residential commitment facility defined in section 39.061(61)[1] maintained for the custody, treatment, punishment, or rehabilitation of children found to have committed delinquent acts or violations of law . . . constitutes escape within the intent and meaning of s. 944.40[2] and is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
To prosecute a juvenile for escape, the State of Florida must prove two elements:
(1) a right to legal custody of the juvenile, and (2) the juvenile consciously and intentionally left the established area of custody.[3]
Section 39.01(29), Florida Statutes (1994 Supp.), defines "Legal custody" as:
a legal status created by court order or letter of guardianship which vests in a custodian of the person or guardian, whether an agency or an individual, the right to have physical custody of the child and the right and duty to protect, train, and discipline him and to provide him with food, shelter, education, and ordinary medical, dental, psychiatric, and psychological care. (e.s.)
Section 39.01(13), Florida Statutes (1994 Supp.), defines a "Court" as:
unless otherwise expressly stated, means the circuit court assigned to exercise jurisdiction under this chapter.
Since a circuit court means a Florida circuit court,[4] a Florida court must issue the order committing the juvenile to establish that the State of Florida has legal custody of the juvenile. While no Florida court has addressed this situation, the district court in Holmes v. State[5] held that a defendant, although in the physical custody of the State of Florida by being held in a Florida county jail pursuant to a federal warrant awaiting federal trial, was in the exclusive legal custody of the federal government.[6] Although the decision concerned custody for purposes of the speedy trial rule, the court reached this decision based, in part, on cases involving escape.
In the instant inquiry, Florida does not even have physical custody of these juveniles. The program in question, Visionquest, is operated by another state and has physical custody of these juveniles. Thus, the juveniles are in the exclusive legal custody of their respective state courts.
In your letter, you describe the Pennsylvania-operated Visionquest program as comparable to a moderate-risk residential program.[7]
Under the older version of the juvenile escape statute, a juvenile had to abscond from a restrictiveness level VI or higher residential facility to be charged with escape. A juvenile absconding from a lower level facility could not be charged with escape. This prior version of the juvenile escape statute was recently declared unconstitutional.[8] The Legislature amended the statute, removing these limitations and allowing the prosecution of a juvenile who absconds from any residential facility.[9] Since the current version of the juvenile escape statute allows for prosecution of a juvenile absconding from any residential program and the Visionquest program is a residential program, there is no barrier to prosecution based on the risk level. However, the lack of legal custody would nevertheless bar any prosecution.
Accordingly, I am of the opinion that these juveniles are not in the legal custody of the State of Florida. Thus, these juveniles cannot be charged in a Florida court with escape.
Question Two
While the courts do not have the discretionary power to detain juveniles in the absence of express statutory authority,[10] the Florida Statutes contain statutory authorization for the detention of absconding juveniles committed by other states. The Interstate Compact on Juveniles, section 39.511, Florida Statutes, provides for "the return, from one state to another, of delinquent juveniles who have escaped or absconded." Under Article V of the Interstate Compact, states that are members of the compact can requisition the return of juveniles who have escaped or absconded. All fifty states are members of this compact. Thus, the Interstate Compact is the appropriate mechanism to handle this situation.
The Supreme Court of Florida has held that the procedures of Article V of the Interstate Compact comport with due process.[11]
If there is pending in Florida any criminal charge or proceeding, for an act committed or suspected of being committed in Florida, the juvenile shall not be returned until discharged from prosecution. Therefore, if the juvenile commits a crime in Florida after absconding, Florida may detain and prosecute the juvenile.
Accordingly, section 39.511, Florida Statutes, the Interstate Compact on Juveniles, provides statutory authority to detain these juveniles.
Question Three
Section 39.511, Florida Statutes, allows Florida authorities to detain juveniles committed by courts of other states in Florida facilities for up to 90 days: "[S]uch juvenile may be taken into custody without a requisition and brought forthwith before a judge of the appropriate court . . . who shall determine after a hearing whether sufficient cause exists to hold the person for such a time, not exceeding 90 days."
Accordingly, such juveniles may be detained in a Florida juvenile detention center under the provisions of the Interstate Compact on Juveniles.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcrmnl
[1] Section 39.01(61), Florida Statutes, has been redesignated as s. 39.01(59), Florida Statutes (1994 Supp.), by s. 1, Ch. 94-164, Laws of Florida.
[2] The juvenile escape statute specifically refers to the adult escape statute, therefore, the statute is considered a reference statute that incorporates the elements and caselaw of the adult escape statute. State v. Varela, 636 So.2d 559 (Fla. 5th DCA 1994). However, juveniles may not be prosecuted under the general escape provision, section 944.40, Florida Statutes. State v. J.A.,384 So.2d 1347 (Fla. 3d DCA 1980).
[3] K.A.N. v. State, 582 So.2d 57, 59 (Fla. 1st DCA 1991); State v. Ramsey, 475 So.2d 671 (Fla. 1985).
[4] Section 26.01, Fla. Stat. provides:
The state is divided into 20 judicial circuits, and the county or counties composing each of said circuits are as set forth in s.26.021.
[5] 653 So.2d 464 (Fla. 1st DCA 1995).
[6] Physical custody is not required to establish legal custody. Murphy v. United States, 481 F.2d 57, 60-61 (8th Cir. 1973); United States v. Depew, 977 F.2d 1412 (10th Cir. 1992).
[7] The juvenile escape statute requires that the juvenile have absconded from a program defined in section 39.01(61), Florida Statutes. Subsection 39.01(61) was renumbered as section39.01(59), Florida Statutes (1994 Supp.), and provides in part:
"Restrictiveness level" means the level of custody provided by programs that service the custody and care needs of committed children. There shall be five restrictiveness levels: (a) Minimum-risk nonresidential . . . (b) Low-risk residential . . . (c) Moderate-risk residential — Youth assessed and classified for placement in programs in this restrictiveness level represent a moderate risk to public safety. Programs are designed for children who require close supervision but do not need placement in facilities that are staff or physically secure. Programs in the moderate-risk residential restrictiveness level provide 24-hour awake supervision, custody, care, and treatment. A facility at this restrictiveness level may have a security fence around the perimeter of the grounds of the facility. Programs or program models at this restrictiveness level include: Halfway houses, START Centers, the Dade Intensive Control Program, licensed substance abuse residential programs, and moderate-term wilderness programs designed for committed delinquent youth that are operated or contracted by the Department of Juvenile Justice. Section 39.061 applies to children in moderate-risk residential programs. (d) High-risk residential . . . [s]ection 39.061 applies to children placed in programs in this restrictiveness level. (e) Maximum-risk residential. . . .
While the above statute expressly states that the juvenile escape statute applies to moderate and high risk programs but makes no such reference to maximum risk programs, section 39.061, Florida Statutes, was amended in 1994, to apply to any residential programs. See, s. 94-209, Laws of Florida.
[8] B.H. v. State, 645 So.2d 987 (Fla. 1994).
[9] Section 52, Ch. 94-209, Laws of Florida.
[10] D.P. v. Capri, 399 So.2d 1030 (Fla. 3d DCA 1981).
[11] In the Interest of C.J.W., 377 So.2d 22 (Fla. 1979).